THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Thomas Arnold,       
Respondent,
 
 
 

v.

 
 
 
St. John Books; David L. Crowell and Patricia Dunn-O'Connell,       
Defendants,
Of Whom David L. Crowell is the       
Appellant.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2003-UP-238
Submitted January 29, 2003  Filed April 1, 2003 

AFFIRMED

 
 
 
Terry A. Finger, of Hilton Head Island, for Appellant.
Drew A. Laughlin, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM: A Massachusetts court entered 
 default judgment against David Crowell on behalf of Thomas Arnold.    Arnold 
 sought to enforce the judgment in South Carolina, where Crowell currently resides.  
 Crowell argued that Massachusetts lacked personal jurisdiction over him, and 
 thus the default judgment was unenforceable.  Judge Kemmerlin enforced the judgment, 
 and we affirm [1] pursuant to 
 Rule 220, SCACR, and the following authorities:  Hanson v. Denckla, 357 
 U.S. 235 (1958) (holding that out-of-state individuals may be subject to the 
 personal jurisdiction of another state by purposely availing themselves of the 
 privilege of conduction of activities within the forum State, thus invoking 
 the benefits and protections of its laws); PYA/Monarch, Inc. v. Sowells 
 Meats & Servs., Inc., 327 S.C. 469, 473, 486 S.E.2d 766, 768 (Ct. App. 
 1997) (requiring the court to look at the law of the state rendering the judgment 
 to determine a judgments validity and effect); United Elec. Radio & 
 Mach. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080 (1992) (stating 
 that Massachusetts can exercise personal jurisdiction over a party to a contract 
 if that partys activities in the Commonwealth are instrumental in the formation 
 of the contract); Connecticut Natl Bank v. Hoover Treated Wood Prods., 
 638 N.E.2d 942 (Mass. App. Ct. 1994) (explaining that in order for Massachusetts 
 to have personal jurisdiction over a defendant, the defendant must have minimum 
 contacts with the Commonwealth such that the assertion of jurisdiction would 
 not offend traditional notions of fair play and substantial justice); S.C. Code 
 Ann. § 15-35-940(A) (Supp. 2002) (allowing a judgment debtor to file a motion 
 for relief from, or notice of defense to, a foreign judgment on the grounds 
 that the foreign judgment has been appealed from, that enforcement has been 
 stayed by the court which rendered it, or on any other ground for which relief 
 from a judgment of this State is allowed) ; S.C. Code Ann. §  15-35-940(B) 
 ([T]he judgment creditor has the burden of proving that the foreign judgment 
 is entitled to full faith and credit.); Mass. Gen. Law 223A § 3 et seq. 
 (defining the long-arm statute of Massachusetts).
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.